

# THE ATTORNEY GENERAL
# OF TEXAS

**AUSTIN, TEXAS 78711**

CRAWFORD C. MARTIN
ATTORNEY GENERAL

August 28, 1970

Dr. J. W. Edgar
Commissioner of Education
201 East Eleventh Street
Austin, Texas  78711

Opinion No. M-677

Re:  Whether Section 3-b of Article
VII of the Texas Constitution,
as amended in 1966, obviates
the necessity to hold an elec-
tion in independent school
districts where there has been
a change in the boundaries by
annexation or consolidation to
determine whether the resultant
district shall assume any out-
standing bonds as well as levy
bond and maintenance taxes
therein.

Whether Section 16.80(e) of the
Texas Education Code (Acts 61st
Leg., R.S. 1969, ch. 889, p.2709)
requires that an election be
held for the assumption of out-
standing bonds, if any, and the
levying of bond and maintenance
taxes as an incident to any
consolidation effected under the
provisions of subsection (a) of
Section 16.80, supra.

Dear Dr. Edgar:

In response to your request for an opinion from this office
concerning specific election requirements in connection with
school consolidation and annexation matters and the necessary
adjustment of bonded indebtedness in connection therewith we
will first consider the application of Section 3-b of Article VII
of the Constitution of Texas, as amended in 1966, and its rela-
tion to independent school districts.

The pertinent parts of the above mentioned constitutional
provision reads as follows:

"No tax for the maintenance of public free
schools voted in any <u>independent school district</u>
. . . nor any bonds voted in any such district,
but unissued, shall be abrogated, cancelled or

-3235-

> invalidated by change of any kind in the boundaries thereof. After any change in boundaries, <u>the governing body of any such district, without the necessity of an additional election</u>, shall have the power to assess, levy and collect ad valorem taxes on all taxable property within the boundaries of the district as changed, for the purposes of the maintenance of public free schools . . . and the payment of principal of and interest on all bonded indebtedness outstanding against, or attri-butable, adjusted or allocated to, such district or territory therein, . . ." (emphasis added)

The language above cited clearly deals with any boundary changes in independent school districts, either by consolidation of entire districts or annexation of additional lands thereto, and in either event obviates the need for elections.

The Texas Education Code, Sec. 19.461, appears to be in conflict with the constitutional provision above cited, wherein it states that "The <u>trustees</u> of any <u>school district, independent</u>, common, or rural high school, as such district exists after con-solidation, annexation, subdivision, or any other authorized type boundary change, <u>are authorized to call an election</u>" to assume any bonded or other debt created by the district as it previously existed and levy bond and maintenance taxes. (emphasis added)

Section 19.243(a) of subchapter H of the Code, dealing exclusively with consolidation of school districts further states that,

> "If at the time of the proposed consolida-tion there are outstanding bonds of any district included in the proposed consolidation, an elec-tion shall be held to determine whether or not the consolidated district shall assume and pay off the outstanding bonds, and levy a tax therefor."

The proposition that constitutional provisions are given priority over state statutes is so elementary in law that no authority need be cited for this point. Where conflicts of this nature exist, the conflicting portions of the state statute are deemed as surplussage without legal effect. /16 Am.Jur. 2d., Constitutional Law §194, page 457/ In our situation the above provisions could impose no requirements on independent school districts to hold elections following boundary changes for Sec-tion 3-b of Article VII of the Constitution of Texas controls on this point.

When dealing with the election question in consolidation cases involving dormant school districts under the provisions of Section 16.80 (a) (e) of the Texas Education Code, the nature of the resultant school district would control.

The salient provisions of that section read as follows:

"(a)  The county school boards of all counties of the state are authorized and required to consolidate by order of said board each dormant school district within the county with an adjoining district or districts.

"(e)  Elections shall be held when required by law in such consolidated districts for the assumption of outstanding bonds, if any, for the levying of taxes therefor, and for the levying of a local maintenance tax."  (emphasis added)

The consolidation of any dormant school district with an independent school district will result in an independent school district, (Sections 19.236, 19.237, 19.238, 19.240, 19.241, 19.242, Texas Education Code) and consequently the question of tax and bond assumption elections in these cases is controlled by Section 3-b of Article VII, Constitution of Texas.

Any other combination of school districts required to be consolidated under the provisions of Section 16.80(a) of the Code, are required to hold the election called for in subsection (e) of that Section where the resultant district is not independent in nature.

### S U M M A R Y

Where there is any change in the boundaries of an independent school district, there is no requirement that an election be held to assume the outstanding bond or other indebtedness of the district as it existed prior to the consolidation or annexation, nor is there any requirement that a bond or maintenance tax be voted.  This same rule applies where consolidation of school districts is effected under the provisions of Section 16.80(a) of the Texas Education Code and the resultant district is independent in nature.  An election is required in those situations where the resultant school district is other than independent in nature. Article VII, Section 3-b, Constitution of Texas, as amended, prevails over Sections 19.243(a) and 19.461,

Texas Education Code to the extent of conflict.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Robert B. Davis
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Dyer Moore
Ralph Rash
Houghton Brownlee
John Reeves

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant